IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SHARON WILLIAMS | : | |
| | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | NO. 10-0744 |
| WYETH, INC., et al., | : | |
| | : | |
| Defendants. | : | |

**MEMORANDUM**

BUCKWALTER, S.J.                                                                                                    July 18, 2013

Currently pending before the Court is the Motion for Summary Judgment of Defendants Pfizer, Inc., Pharmacia & Upjohn Company, LLC, Pharmacia & Upjohn, LLC, Pharmacia Corporation, Wyeth, LLC, and Wyeth Pharmaceuticals (collectively "Defendants"). For the reasons that follow, the Motion is granted.

**I. FACTUAL AND PROCEDURAL HISTORY**

This case arises from Plaintiff Sharon Williams's unfortunate battle against breast cancer, which was allegedly caused by hormone replacement therapy products. Ms. Williams was diagnosed with breast cancer in 1998. (Defs.' Mot. Summ. J., Ex. 2, Deposition of Sharon Williams, 91:19–21, 11/13/2007.) She currently resides in Reno, Nevada. (Id. at 15:17–18.) She has alleged, in this case, that she was prescribed hormone replacement therapy products tested, manufactured, and marketed by Defendants—Premarin, Provera, Cycrin, Aygestin, Prempro, Premphase, medroxyprogesterone acetate, generic estrogen (including FemHrt and

Vagifem), and combination products (including Activella)—from 1983 until she was diagnosed with hormone receptor positive breast cancer in October, 1998. (Am. Compl. ¶¶ 3–6; 9, 13–17; Answer ¶¶ 3–6.) Plaintiff alleges that her breast cancer was caused by the hormone treatment therapy products provided by Defendants. (Am. Compl ¶ 91.)

Plaintiff initially brought suit against Wyeth in the form of a multi-plaintiff complaint in federal court in California on June 29, 2004. The case was then consolidated as part of a Multi-District Litigation ("MDL") in the Eastern District of Arkansas. In January 2010, the presiding judge in the MDL began remanding cases back to the transferor courts for case-specific discovery and trial, as well as requiring that they be severed and re-filed in an appropriate federal district. Plaintiff's case was remanded and severed, and she chose to re-file her claims in this Court on February 19, 2010. In her Amended Complaint, filed on April 28, 2010, Plaintiff brings counts for (1) negligence, (2) fraud, (3) products liability for failure to warn, (4) products liability for defective design and manufacturing, and (5) breach of express warranty.

Defendants filed the instant Motion for Summary Judgment on April 19, 2013. Plaintiff filed a Response in Opposition on May 10, 2013, and Defendants filed a Reply Brief on May 17, 2013. The Court will now consider the merits of the Motion.

## II. STANDARD OF REVIEW

Summary judgment is proper "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2). A factual dispute is "material" only if it might affect the outcome of the case. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). For an issue to be "genuine," a reasonable fact-finder must be able to

return a verdict in favor of the non-moving party.  Id.

On summary judgment, the moving party has the initial burden of identifying evidence that it believes shows an absence of a genuine issue of material fact.  Conoshenti v. Pub. Serv. Elec. & Gas Co., 364 F.3d 135, 145–46 (3d Cir. 2004).  It is not the court's role to weigh the disputed evidence and decide which is more probative, or to make credibility determinations.  Boyle v. Cnty. of Allegheny, 139 F.3d 386, 393 (3d Cir. 1998) (citing Petruzzi's IGA Supermarkets., Inc. v. Darling-Del. Co. Inc., 998 F.2d 1224, 1230 (3d Cir. 1993)).  Rather, the court must consider the evidence, and all reasonable inferences which may be drawn from it, in the light most favorable to the non-moving party.  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (citing United States v. Diebold, Inc., 369 U.S. 654, 655 (1962)); Tigg Corp. v. Dow Corning Corp., 822 F.2d 358, 361 (3d Cir. 1987).  If a conflict arises between the evidence presented by both sides, the court must accept as true the allegations of the non-moving party, and "all justifiable inferences are to be drawn in his favor."  Anderson, 477 U.S. at 255.

Although the moving party must establish an absence of a genuine issue of material fact, it need not "support its motion with affidavits or other similar materials negating the opponent's claim."  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  It can meet its burden by "pointing out . . . that there is an absence of evidence to support the nonmoving party's claims."  Id. at 325.  Once the movant has carried its initial burden, the opposing party "must do more than simply show that there is some metaphysical doubt as to material facts."  Matsushita Elec., 475 U.S. at 586.  "[T]he non-moving party must rebut the motion with facts in the record and cannot rest solely on assertions made in the pleadings, legal memoranda, or oral argument."  Berckeley

Inv. Group. Ltd. v. Colkitt, 455 F.3d 195, 201 (3d Cir. 2006). If the non-moving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden at trial," summary judgment is appropriate. Celotex, 477 U.S. at 322. Moreover, the mere existence of some evidence in support of the non-movant will not be adequate to support a denial of a motion for summary judgment; there must be enough evidence to enable a jury to reasonably find for the non-movant on that issue. Anderson, 477 U.S. at 249–50.

## III. DISCUSSION

Defendants claim that Plaintiff cannot prevail on any of the five counts she brings because she is unable to demonstrate that the hormone therapy treatment specifically caused her breast cancer, a necessary requirement under either the law of Pennsylvania or Nevada (the state of Plaintiff's residence).[1] Under Pennsylvania law, causation is a necessary requirement for each claim that Plaintiff brings.[2] Nevada law similarly requires a showing of causation to succeed on

---

[1] As the ensuing discussion shows, the law applicable to this case is similar in both states, and neither party argues for or against the application of Pennsylvania or Nevada law.

[2] Causation is required under Pennsylvania law to demonstrate: (1) negligence, Brandon v. Ryder Truck Rental, Inc., 34 A.3d 104, 110 (Pa. Super. Ct. 2011) ("The evidentiary requirements of negligence law demand proof that injury is proximately caused by a specific defect in design or construction . . . ."); (2) fraud, Viguers v. Philip Morris USA, Inc., 837 A.2d 534, 540 (Pa. Super. Ct. 2003) (stating that proximate causation of damages is a required element for a finding of fraud); (3) failure to warn, Sherk v. Daisy-Heddon, 450 A. 2d 615, 617 (Pa. 1982) (reversing lower court's decision because the evidence precluded a necessary finding that inadequate warnings caused Plaintiff's injury); (4) defective design or manufacture, Spino v. John S. Tilley Ladder Co., 696 A.2d 1169, 1172 (Pa. 1997) ("Pennsylvania law requires that a plaintiff prove two elements in a product liability action: that the product was defective, and that the defect was a substantial factor in causing the injury."); and (5) breach of warranty, Yurcic v. Purdue Pharma., L.P.; 343 F. Supp. 2d 386, 394 (M.D. Pa. 2004) ("To prevail on a claim for breach of warranty under the Pennsylvania Uniform Commercial Code . . . , Plaintiffs must establish that a breach of warranty occurred and that the breach was the proximate cause of the

Plaintiff's claims.[3] In order to demonstrate causation in cases like the current matter, in which "the complexities of the human body place questions as to the cause of pain or injury beyond the knowledge of the average layperson," expert medical testimony is often required. Hamil v. Bashline, 392 A.2d 1280, 1285 (Pa. 1978); see also Morsicato v. Sav-On Drug Stores, Inc., 111 P.3d 1112, 1116 (Nev. 2005) (noting that medical expert testimony must be provided to demonstrate causation to a reasonable degree of medical certainty to ensure the jury has sufficient certainty to make a decision). Finally, both Pennsylvania and Nevada have accepted the Restatement (Second) of Torts' "substantial factor" test with regards to legal causation. See Trude v. Martin, 660 A.2d 626, 632 (Pa. Super. Ct. 1995); Holcomb v. Georgia Pac., LLC, 289 P.3d 188, 196 (Nev. 2012). In summary, in order to prevail on cases like that currently before the Court, Plaintiff must provide expert medical testimony demonstrating that, to a reasonable degree of medical certainty, Defendants' products were a substantial factor in causing Plaintiff's cancer.

---

specific damages sustained.").

[3] Similarly, under Nevada law, causation is a required element for (1) negligence, Rios v. Wal-Mart Stores, Inc., No. Civ.A.11-1592, 2012 U.S. Dist. LEXIS 144331, at *3 (D. Nev. Oct. 5, 2012) ("In Nevada, to prevail on a negligence claim, the plaintiff must establish . . . the breach was the actual and proximate cause of the plaintiff's injury . . . .")(citation omitted); (2) fraud, Dow Chem. Co. v. Mahlum, 970 P.2d 98, 110 (Nev. 1998) (including among the elements for fraudulent concealment that plaintiff sustain damages "as a result of the concealment or suppression of the fact"); (3) failure to warn, Rivera v. Philip Morris, 209 P.3d 271, 273 (Nev. 2009) ("In Nevada, it is well-established law that in strict product liability failure-to-warn cases, the plaintiff bears the burden of production and must prove, among other elements, that the inadequate warning caused his injuries."); (4) design or manufacturing defect, Azad v. Goodyear Tire & Rubber Co., No. Civ.A.11-0290, 2013 U.S. Dist. LEXIS 20944, at *7 (D. Nev. Feb. 14, 2013) ("To prove proximate cause in a strict products liability action in Nevada, 'the plaintiff must show that the design defect in the product was a substantial factor in causing his injury.')(citation omitted); and (5) breach of warranty, Nev. Contract Servs. Inc. v. Squirrel Cos. Inc., 68 P.3d 896, 899 (Nev. 2003) ("In a breach of warranty cause of action, a plaintiff must prove that . . . the defendant's breach was the proximate cause of the loss sustained.").

5

The crux of Defendants' argument is that Plaintiff has simply failed to provide such testimony. Plaintiff responds by arguing that the deposition testimony of her treating physician, Dr. James Waisman, provides the necessary evidence on causation. In support of this contention, Plaintiff points to the following exchange from Dr. Waisman's deposition:

> Q: And over the course of your treatment, have you come to any ultimate conclusions as to any effect exogenous estrogen or endogenous estrogen had in Ms. –
> A: I think –
> Q: – in her breast cancer?
> A: I think there's enough reason to conclude that her combination hormone replacement therapy played a role in her breast cancer development.

(Pl.'s Opp'n Summ. J., Ex. 2, Deposition of James Ross Waisman, M.D. ("Waisman Dep."), 103:25–104:8, Dec. 20, 2012.) Plaintiff claims that (1) Dr. Waisman should be allowed to be admitted as an expert witness, despite not being designated as such previously, and (2) that his testimony meets the causation requirement needed for Plaintiff to overcome summary judgment. The Court disagrees with both arguments.

First, as Defendants point out, it was made clear on numerous occasions during Dr. Waisman's deposition that he was not operating as an expert witness. Prior to his questioning, counsel for Plaintiff stated:

> I'll just note my objection to asking this witness, who's here as a fact witness and a treating physician for the plaintiff, Sharon Williams -- asking him any questions concerning anything other than his treatment, care, prognosis, and opinions about Sharon Williams. **He's not here as an expert witness. He's here as a fact witness.** And, therefore, I object to questioning this witness about anything outside the scope of his treatment of this patient.

(Id. at 4:4–13) (emphasis added). Additionally, upon questioning by Plaintiff's counsel, Dr. Waisman again clarified that he was never asked to be an expert witness and had not agreed to

6

give an expert opinion or testimony in the case beyond his treatment and care of Plaintiff. (Id. at 71:1–8.) Now that the Court's imposed deadline for submitting an expert opinion has passed, Plaintiff cannot now retroactively insert Dr. Waisman's opinion as an expert opinion under Fed. R. Civ. P. 26(a)(2)(D).

However, even if the Court were to accept Dr. Waisman's testimony as that of an expert witness, it still fails to meet the necessary "substantial factor" requirement necessary to prove legal causation. Dr. Waisman's testimony that the hormone therapy treatment "played a role" in causing Plaintiff's breast cancer is contravened by his later testimony in which the following exchange took place:

> Q: And that's my question. In Ms. Williams' case, can you say that indeed that her exogenous estrogen specifically had an effect on her breast cancer?
> MR. HAVERTY: Objection. He just said he thought it played a role. Objection.
> THE WITNESS: In any given individual patient, no.

(Id. at 105:14–21.) This second exchange lessens the impact of Dr. Waisman's original "played a role" statement to the point that any possible conclusion that the treatment caused Plaintiff's breast cancer cannot be said to be made to "a reasonable degree of medical certainty." Finally, despite the lessened weight of his original statement that the hormone treatment "played a role" in Plaintiff's breast cancer development, it still fails to meet the substantial factor requirement for causation. Simply put, "playing a role" is not the same as being a "substantial factor." As such, summary judgment must be granted in favor of Defendants.

### IV. CONCLUSION

For the foregoing reasons, Defendants' Motion for Summary Judgment is granted.

Because Dr. Waisman was neither qualified as nor testifying as an expert witness, and because his testimony failed to demonstrate to a reasonable degree of medical certainty that Defendants' products played a substantial role in causing Plaintiff's breast cancer, Plaintiff has failed to introduce evidence on the necessary causation element of each of her claims.

    An appropriate Order follows.